UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **OLIVER ORTOLANI,**<br><br>   Plaintiff,<br><br>   v.<br><br>**COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., PERFORMING ARTS BUILDING FOUNDATION, INC.,**<br><br>   Defendants.<br>------------------------------------------------------<br><br>**THE COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., and PERFORMING ARTS BUILDING FOUNDATION, INC.,**<br><br>   Plaintiffs,<br><br>   v.<br><br>**DAVID ORTOLANI and ELLEN ORTOLANI,**<br><br>   Defendants. | Civil Case No.: 1:25-cv-12005-LTS<br><br><br><br><br><br><br>*– consolidated with –*<br><br><br><br><br><br><br><br><br><br>Civil Case No.:  1:25-cv-13453-LTS |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(d)**

In anticipation of the upcoming Rule 16 Conference scheduled for July 23, 2026, Plaintiff, Oliver Ortolani ("Plaintiff"), as well as the Defendants, the Community of Jesus, Inc. (the "Community"), Arts Empowering Life, Inc. ("AEL"), and Performing Arts Building Foundation, Inc. ("PABF") (collectively, the "Defendants"), as well as David Ortolani and Ellen Ortolani (the

"Ortolani Parents") by and through their respective undersigned counsel, hereby submit their Joint

Statement pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, Rules 16.1(d)

and 26.1 of the Local Rules for the District of Massachusetts, and this Court's Notice of Scheduling

Conference dated June 26, 2026.  *See* Doc. No. 38 in the First Action.

Plaintiff, Defendants, and the Ortolani Parents (collectively, the "Parties") also submit this

Joint Statement pursuant to this Court's order joining the Rule 16 conference for *Oliver Ortolani*

*v. Community of Jesus, Inc.*, Civil Case No.: 1:25-cv-12005-LTS (the "First Action") and *The*

*Community of Jesus, Inc. v. Ortolani*, Civil Case No. 1:25-cv-13453-LTS (the "Second Action").

*See* Doc. No. 40 in the First Action.

## I.   Proposed Pretrial Schedule

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on July 6, 2026, at 3:00 pm and was

attended by Counsel for the Plaintiff, the Defendants, and the Ortolani Parents.

### A.   *Defendants' Proposed Schedule*

Defendants hereby submit the below Proposed Pretrial Schedule.   The Ortolani Parents

are prepared to accept whatever schedule the parties and the Court agree upon.

1. **Initial Disclosures**. Initial disclosures required by Fed. R. Civ. P. 26(a)(1) shall be completed by August 24, 2026.[1]

2. **Amendments to Pleadings**. Except for good cause shown, motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses shall be filed by September 21, 2026.

3. **Fact Discovery** - Interim Deadlines.

---

[1] Given that Plaintiff filed this lawsuit one year ago and has indicated to the Court that Plaintiff already knows the identities of approximately 10 individuals who Plaintiff maintains engaged in "wrongdoing" (but who were not identified in the Complaint), Defendants propose that 30 days should be more than enough time for Initial Disclosures.  In the alternative, Defendants propose that Plaintiff and Defendants be required to make Initial Disclosures within 30 days of the conference, but that the Ortolani Parents be required to make Initial Disclosures within 60 days of the conference.

    a.  All interrogatories and requests for production of documents shall be served by March 23, 2027.

    b.  All depositions, other than expert depositions, shall be completed by July 23, 2027.

    c.  All discovery, other than expert discovery, shall be completed by July 23, 2027.

4. **Status conference**. The Court may schedule a status conference after the close of fact discovery.

5. **Expert Discovery.**

    a.  Plaintiff's trial experts shall be designated, and the information required by Fed. R. Civ. P. 26(a)(2) by August 23, 2027.

    b.  Defendants' trial experts shall be designated, and the information required by Fed. R. Civ. P. 26(a)(2) must be disclosed by September 22, 2027.

    c.  The Ortolani Parents' trial experts shall be designated, and the information required by Fed. R. Civ. P. 26(a)(2) must be disclosed by October 22, 2027.

    d.  Rebuttal expert disclosures shall be disclosed by November 22, 2027.

    e.  Expert depositions shall be completed by December 22, 2027.

6. **Dispositive Motions.**

    a.  Motions for summary judgment shall be filed  by February 20, 2028.

    b.  Oppositions to motions for summary judgment shall be filed by March 22, 2028.

7. **Initial Pretrial Conference**. The court will schedule a pre-trial conference. The parties shall prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five business days prior to the date of the conference.

**B.  *Plaintiff's Proposed Schedule***

Plaintiff proposed to follow the usual schedule of the Court, which would close fact discovery in May, 2027, with expert disclosures concluding in August, 2027 and dispositive motion briefing concluding in late October, 2027. In the spirit of compromise, and should the Court

deem it acceptable, Plaintiff will agree to Defendants' proposed schedule, with the exception that Plaintiff proposes that Initial Disclosures should occur by September 24, 2026 and that amendments to pleadings should occur by November 2, 2026.

**II.     Proposed Changes to Limitations on Discovery Under Fed. R. Civ. P. 26(b)**

    **A. *Defendants' Position***

These two cases, now consolidated, involve overlapping discovery in multiple respects. Discovery in the First Action will be directed to a meaningful extent, but not exclusively, on the allegations in the Plaintiff's Complaint, but will also of necessity touch upon the Ortolani Parents' parents central role in the subject of the allegations. Discovery in the Second Action will be directed to a meaningful extent on the Ortolani Parents' desire to have their son, Oliver, participate in the program at issue, the reasons for that desire, and their full knowledge and approval of that participation. There is overlap in the discovery, but the overlap is not complete.  Defendants fully expect that they will ask the Court to ensure that they have the full and complete ability to conduct discovery in both areas, and to ensure that they have ***no less*** right to conduct discovery than they would have if the two cases were not consolidated.

For present purposes, since there has not yet been automatic disclosure, Defendants propose that the specific parameters of discovery be deferred until they have had the opportunity to review Plaintiff's automatic disclosure and that, within fourteen (14) days of receipt of such automatic disclosure, the Parties submit to the Court in a single document their positions with respect to the parameters of discovery, including but not limited to the number of depositions and the deposition length required for each deponent.  Naturally, Defendants fully understand that Plaintiff may likewise wish to seek adjustments to the parameters of discovery.

**B.** *Ortolani Parents' Position*

None.

**C.** *Plaintiff's Position*

Defendants sought consolidation for efficiency purposes, therefore, there should be no expansion of the discovery allotted under the Federal Rules. Should Defendants seek more than the 7 hours of allotted time for the deposition of the Plaintiff as set forth in the Rules, for example, the Plaintiff will oppose it or seek the same expansion of time with the Defendants' representative witnesses to ensure a fair, level playing field.

**III.    Reassignment to Magistrate Judge**

The Parties do not consent to trial by a Magistrate Judge.

**IV.    Alternative Dispute Resolution**

Plaintiff's counsel provided Defendants' counsel with a settlement demand on March 4, 2026, and pursuant to Rule 16.1(c), the Parties have complied with Local Rule 16.1(c).  Settlement is not possible at this time, but Plaintiff and Defendants have conferred in good faith pursuant to Local Rule 16.1(c).

Defendants' counsel made a settlement demand on the Ortolani Parents on July 1, 2026. Settlement is not possible at this time, but Defendants and the Ortolani Parents have conferred in good faith pursuant to Local Rule 16.1(c).

**V.    Protocol for Electronically Stored Information**

**A.** *Defendants' Position*

Given the discovery at issue in this case, Defendants believe that a protocol for the production of electronically stored information ("ESI Protocol") is appropriate in this case and intend to propose such an ESI Protocol to Plaintiff and the Ortolani Parents.

5

**B. _Ortolani Parents' Position_**

The Ortolani Parents will accept an ESI Protocol agreeable to both the Plaintiff and the Defendants.

**C. _Plaintiff's Position_**

Plaintiff will consider Defendants' proposal but will not agree to an ESI protocol that will limit the discovery warranted in this case.

## VI.    Protective Order

**A. _Plaintiff's Position_**

Plaintiff intends to propose a protective order to keep the Plaintiff's private, sensitive information confidential, including, but not limited to medical, mental health and other private matters,  and not to be shared with media or members of the Community of Jesus memberships at large, among others.

**B. _Defendant's Position_**

Defendant will consider Plaintiff's proposed protective order upon circulation.  Defendants understand Plaintiff's desire to enter into a protective order as to certain medical information, and Defendants will likewise want protections concerning certain financial information produced in the case, including but not limited to information about charitable donations of the kind protected by the First Amendment.

## VII.    Local Rule 16.1(d)(3) Certifications

The parties will file their respective certifications pursuant to Local Rule 16.1(d)(3) separately.

**PLAINTIFF,**
**OLIVER ORTOLANI,**

*By his Counsel,*


 /s/ Kimberly A. Dougherty
Kelly Guagenty (BBO# 658872)
Paula Bliss (BBO# 652361)
Kimberly Dougherty (BBO# 658014)
**JUSTICE LAW COLLABORATIVE, LLC**
210 Washington Street
North Easton, MA 02356
Tel: (508) 230-2700
Fax: (385) 278-0287
kelly@justicelc.com
paula@justicelc.com
kim@justicelc.com


Lillian Smith (admitted *pro hac vice*)
**MCALLISTER OLIVARIUS**
641 Lexington Avenue, 13th Floor
New York, New York 10022
Tel: (212) 433-3456
lsmith@mcolaw.com

**THE COMMUNITY OF JESUS, INC.,**
**ARTS EMPOWERING LIFE, INC.,**
**and PERFORMING ARTS**
**BUILDING FOUNDATION, INC.,**


 /s/ Jeff Robbins
Jeffrey S. Robbins (Bar No. 421910)
Joseph D. Lipchitz (Bar No. 632637)
Bridgitte E. Mott (Bar No. 684770)
**SAUL EWING LLP**
131 Dartmouth Street, Suite 501
Boston, MA 02116
Telephone: (617) 723-3300
Facsimile: (857) 400-3375
Jeffrey.Robbins@saul.com
Joseph.Lipchitz@saul.com
Bridgitte.Mott@saul.com


**DAVID ORTOLANI and**
**ELLEN ORTOLANI,**

*/s/ Robert. P. Powers*
Robert P. Powers (BBO No. 544691)
Melick & Porter, LLP
One Liberty Square, 7th Floor
Boston, MA 02109
Telephone: (617) 523-6200
Facsimile: (617) 523-8130
Email: rpowers@melicklaw.com

**CERTIFICATE OF SERVICE**

I, Jeffrey S. Robbins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 16, 2026.

*/s/ Jeffrey S. Robbins*

Jeffrey S. Robbins