UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **OLIVER ORTOLANI,**<br><br>Plaintiff,<br><br>v.<br><br>**COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., PERFORMING ARTS BUILDING FOUNDATION, INC.,**<br><br>Defendants. | Civil Case No.: 1:25-cv-12005-LTS<br><br>*– consolidated with –* |
| **THE COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., and PERFORMING ARTS BUILDING FOUNDATION, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**DAVID ORTOLANI and ELLEN ORTOLANI,**<br><br>Defendants. | Civil Case No.: 1:25-cv-13453-LTS |

**THE CHARITABLE ORGANIZATIONS' MOTION TO COMPEL SHAWN DELUDE TO PRODUCE DOCUMENTS RESPONSIVE TO THEIR DOCUMENT SUBPOENA AND TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS TRANSFERRED BY MR. DELUDE TO PLAINTIFF'S COUNSEL THAT COUNSEL IS IMPROPERLY WITHHOLDING AS "WORK PRODUCT"**

The Defendants/Plaintiffs in the above-referenced consolidated actions, the Community of Jesus, Inc. (the "Community"), Arts Empowering Life, Inc. ("AEL"), Performing Arts Building Foundation, Inc. ("PABF") (collectively, the "Charitable Organizations") move to compel the

production of documents pursuant to a narrowly-tailored document subpoena directed at third-party, Shawn Delude, an Orleans resident who, it appears quite clear, has played a central role in communicating with the Ortolanis and helping initiate and support this lawsuit—activities which, of course, he is perfectly entitled to engage in to his heart's content. However, what Mr. Delude is not entitled to do is withhold responsive non-privileged documents (including direct communications with the Ortolanis, the very parties to this lawsuit, and others) under boilerplate objections or allow Plaintiff to intercept documents and use unsupported claims of "work product" to shield his communications and those of his staff with Plaintiff's counsel. See Diaz v. Devlin, 327 F.R.D. 26, 29 (D. Mass. 2018) (ruling that third-party witness affidavit drafted by attorney for suspects was not protected from disclosure by work product doctrine; "a party should not be allowed to conceal critical, non-privileged, discoverable information . . . simply by . . . attempting to hide behind the work product doctrine"). Yet, this is precisely what Mr. Delude, in conjunction with Plaintiff's counsel, has done. Underscoring the gameplaying, Plaintiff's counsel has supplied a purportedly "confidential" privilege log in which counsel redacts names of individuals with whom counsel communicated—rendering it impossible to discern the legitimacy of the "privilege" asserted.

Despite the clear relevance of the documents sought by the narrowly-tailored subpoena and its limited time frame, Mr. Delude only produced forty-five (45) pages of scattered, fragmented, and duplicative text messages. Mr. Delude's counsel has admitted that he is withholding other responsive documents based upon "overbreadth" and "relevancy" objections. Yet, Mr. Delude's counsel has (1) declined to identify any "burden" in complying with the subpoena, (2) declined to state how the subpoena, which is so obviously tailored to the claims and defenses in this case, is "overbroad," and (3) declined to state what categories of documents he is refusing to produce or how many documents he is withholding. As this Court has repeatedly made clear, "[b]oilerplate,

generalized objections are inadequate and tantamount to not making any objection at all." Cook v. Lynn & William, Inc., 344 F.R.D. 149, 155 (D. Mass. 2023); see also Katz v. Shell Energy N. Am. (US), LP, 566 F. Supp. 3d 104, 107 (D. Mass. 2021) (enforcing a third-party subpoena and rejecting "boilerplate objections" of overbreadth and relevancy as inadequate; "It is not enough to merely assert overbreadth, burden, or oppression; instead, the party resisting discovery must specifically show how each request for production is either not relevant or overbroad, burdensome, or oppressive"); HealthEdge Software, Inc. v. Sharp Health Plan, No. 19-cv-11020-ADB, 2021 WL 1821358, at *4 (D. Mass. May 6, 2021) (granting motion to compel).

In addition, Plaintiff's counsel has intercepted and is improperly withholding at least twelve (12) email communications with Mr. Delude (purportedly consisting of and/or attaching ninety-four (94) pages of documents) under the guise of "work product," despite the absence of any attorney-client or other cognizable agency relationship with Mr. Delude. This is patently improper. Diaz, 327 F.R.D. at 29.

Accordingly, this Motion is brought to (1) compel Mr. Delude to produce all of the documents called for in the subpoena (which includes at a minimum ninety-four (94) pages of withheld documents), and (2) separately compel Plaintiff's counsel to produce the subject emails and documents that Mr. Delude's counsel improperly transferred to Plaintiff's counsel and which are being withheld under the guise of "work product," despite the absence of any attorney-client or other cognizable agency relationship with Mr. Delude.

In support hereof, the Charitable Organizations submit the accompanying Memorandum of Law and Exhibits 1-27.

**WHEREFORE**, for the reasons set forth in the accompanying Memorandum of Law and Exhibits, the Community of Jesus, Inc., Arts Empowering Life, Inc., and Performing Arts Building

Foundation, Inc. respectfully request that the Court grant their Motion to Compel and provide any other relief that it deems just and proper.

**THE COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., and PERFORMING ARTS BUILDING FOUNDATION, INC.**

By their attorneys,

*/s/ Joseph D. Lipchitz*

Jeffrey S. Robbins (Bar No. 421910)
Joseph D. Lipchitz (Bar No. 632637)
Bridgitte E. Mott (Bar No. 684770)
SAUL EWING LLP
131 Dartmouth Street, Suite 501
Boston, MA 02116
Telephone: (617) 723-3300
Facsimile: (857) 400-3375
Email: Jeffrey.Robbins@saul.com
Email: Joseph.Lipchitz@saul.com
Email: Bridgitte.Mott@saul.com

Dated: October 1, 2026

## REQUEST FOR ARGUMENT

Pursuant to Local Rule 7.1(d), the Community of Jesus, Inc., Arts Empowering Life, Inc., and Performing Arts Building Foundation, Inc. respectfully request oral argument on this Motion.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that, on September 14, 2026, counsel for the Charitable Organizations met and conferred with counsel for Mr. Delude and Plaintiff's counsel concerning the document subpoena served on Mr. Delude and his non-compliance with that subpoena in an effort to resolve these deficiencies. In addition to the telephonic meet-and-confer, counsel have exchanged various emails on this topic. Unfortunately, counsel have been unable to resolve or narrow these issues, thus necessitating this motion.

*/s/ Joseph D. Lipchitz*
Joseph D. Lipchitz

**CERTIFICATE OF SERVICE**

I, Joseph D. Lipchitz, hereby certify that this document that was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 1, 2026.

I hereby further certify that, on October 1, 2026, a copy of this document was sent by e-mail to counsel for Mr. Delude as follows:

Jeffrey Pyle, Esq.
PRINCE LOBEL TYE LLP
One International Place
Suite 3700
Boston, MA 02110
JPyle@princelobel.com

*/s/ Joseph D. Lipchitz*
Joseph D. Lipchitz