**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **OLIVER ORTOLANI,**<br><br>Plaintiff,<br><br>v.<br><br>**COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., PERFORMING ARTS BUILDING FOUNDATION, INC.,**<br><br>Defendants. | Civil Case No.: 1:25-cv-12005-LTS |
| --------------------------------------------------- | *– consolidated with –* |
| **THE COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., and PERFORMING ARTS BUILDING FOUNDATION, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**DAVID ORTOLANI and ELLEN ORTOLANI,**<br><br>Defendants. | Civil Case No.: 1:25-cv-13453-LTS |

**CHARITABLE ORGANIZATIONS' EMERGENCY REQUEST**
**FOR A REMOTE STATUS CONFERENCE**

Pursuant to the Procedural Provisions of the Court's Scheduling Order (Doc. No. 55),[1] the Community of Jesus, Inc., Arts Empowering Life, Inc., and Performing Arts Building Foundation,

[1] *See* Doc. No. 55 ("Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the Court upon reasonable notice to opposing counsel" and "Upon request of counsel . . . additional case-management or status conferences may be scheduled.").

Inc. (collectively, the "Charitable Organizations"), hereby respectfully request an emergency remote status conference in order to seek the Court's guidance on a dispute that has arisen as to whether or not the Charitable Organizations are to be able to present the factual bases for their forthcoming Opposition to Plaintiff's Motion to Quash (the "Opposition")—even under seal—which is presently due next Wednesday, November 4, 2026.

In particular, the Charitable Organizations seek this Court's guidance on: (1) whether, in the first instance, the Charitable Organizations are prohibited from filing certain medical evidence—even under seal—that directly responds to the Plaintiff's arguments in their forthcoming Opposition to Plaintiff's Motion to Quash, as Plaintiff has objected to the Charitable Organizations doing so, and, relatedly, (2) the Court's preferred method for filing the forthcoming Opposition under seal given that it is anticipated to reference medical evidence that Plaintiff wishes to treat as confidential. The gist of the dispute is that the Charitable Organizations seek the right to file their Opposition (which is anticipated to contain certain medical evidence already in the Charitable Organizations' possession refuting Plaintiff's Motion to Quash) under seal, but Plaintiff's position is that the Charitable Organizations should not be permitted to present such evidence to the Court even under seal.

Given the impending November 4, 2026 deadline, the Charitable Organizations respectfully request a remote status conference to occur as soon as practicable on October 30, November 2, or November 3, in advance of the November 4, 2026 deadline. If the Court is unable to accommodate such a request due to its schedule, the Charitable Organizations respectfully request that the November 4, 2026 deadline to file their Opposition be held in abeyance until such status conference is able to occur.

**WHEREFORE**, the Charitable Organizations respectfully request the immediate

scheduling of a remote status conference to occur before November 4, 2026, or, alternatively, if the Court is unable to accommodate such a request due to its schedule, the Charitable Organizations respectfully request that the November 4, 2026 deadline to file their Opposition be held in abeyance until such status conference is able to occur.

Respectfully submitted,

**THE COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., and PERFORMING ARTS BUILDING FOUNDATION, INC.**

By their attorneys,

*/s/ Jeffrey S. Robbins*

Jeffrey S. Robbins (Bar No. 421910)
Joseph D. Lipchitz (Bar No. 632637)
Bridgitte E. Mott (Bar No. 684770)
SAUL EWING LLP
131 Dartmouth Street, Suite 501
Boston, MA 02116
Telephone: (617) 723-3300
Facsimile: (857) 400-3375
Email: Jeffrey.Robbins@saul.com
Email: Joseph.Lipchitz@saul.com
Email: Bridgitte.Mott@saul.com

Dated: October 30, 2026

**CERTIFICATION PURSUANT TO PROCEDURAL PROVISION OF SCHEDULING ORDER**

Plaintiff's counsel and the Charitable Organizations appear to be at an impasse as to whether the Charitable Organizations may use medical records provided by Plaintiff's counsel (pre-discovery) in connection with their forthcoming Opposition to Plaintiff's Motion to Quash. In particular, the Charitable Organizations' counsel conferred in good faith, both by phone and email, with counsel for Plaintiff and the Ortolani Parents regarding its anticipated motion to seal its forthcoming Opposition. Counsel for the Ortolani Parents confirmed the Ortolani Parents have no objection to the sealing of the Charitable Organizations' forthcoming Opposition. Plaintiff's counsel advised that they oppose the Charitable Organizations' filing (even under seal) of certain medical records provided to the Charitable Organizations' counsel pre-discovery. This was followed by additional emails reflecting that the parties are at an impasse. On October 29, 2026, in accordance with the Procedural Provisions of this Court's Scheduling Order, the Charitable Organizations' counsel provided Plaintiff's counsel and the Ortolani Parents' counsel with notice that it would be seeking an immediate status conference with the Court in order to obtain guidance on the above-referenced issues. *See* Doc. No. 55 ("Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the Court upon reasonable notice to opposing counsel" and "Upon request of counsel . . . additional case-management or status conferences may be scheduled.").

*/s/ Jeffrey S. Robbins*
Jeffrey S. Robbins

**CERTIFICATE OF SERVICE**

I, Jeffrey S. Robbins, hereby certify that this document that was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 30, 2026.

*/s/ Jeffrey S. Robbins*
Jeffrey S. Robbins