**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **OLIVER ORTOLANI,**<br><br>Plaintiff,<br><br>v.<br><br>**COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., PERFORMING ARTS BUILDING FOUNDATION, INC.,**<br><br>Defendants. | Civil Case No.: 1:25-cv-12005-LTS<br><br>*-consolidated with -* |
| **COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., PERFORMING ARTS BUILDING FOUNDATION, INC.,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**DAVID ORTOLANI and ELLEN ORTOLANI**<br><br>Defendants. | Civil Case No.: 1:25-cv-13453-LTS |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGENCY REQUEST FOR A REMOTE STATUS CONFERENCE**

Plaintiff writes to set forth his position in response to Defendants' emergency request for a remote status conference and to clarify certain of Defendants' statements.

*First*, prior to resorting to using Court resources, Plaintiff asked Defendants to show us what documents they have in their possession that purport to "refute" Plaintiff's motion to quash. Plaintiff only knows of two possible avenues that Defendants have any "medical evidence": (1) due to Plaintiff and his family being subject to decades of coercion at the hands of the Defendants,

where Defendants controlled multiple aspects of the Ortolani's lives including decisions about healthcare and accordingly, were forced to share such information with Defendants' leadership; and (2) due to documents sent by Plaintiff as part of settlement negotiations (which Defendants' euphemistically called "pre-discovery"), subject to Rule 408 protections. If there is a third avenue, that could be due to a third party production, and Plaintiff asked to review that prior to advising as to our firm position on whether or not they can be used. Defendants' illogically refused to compromise and provide what they intended on using to Plaintiff, documents which have to be filed and served on Plaintiff regardless if used in their filings, and instead chose to use Court resources.

*Second*, Plaintiff asked Defendants for an explanation as to how using Plaintiff's medical information is at all relevant to their Plaintiff's motion to quash Defendants' improper subpoenas. Plaintiff in his motion to quash objected to the Defendants' subpoenas to his medical providers insofar as they: (a) were sought prior to a protective order being in place as a means of circumventing Plaintiff's privacy rights and (b) contained *no* time or subject matter limitation, and therefore cast too wide a net. Plaintiff did not dispute that his medical information is relevant, so putting it before the Court at this juncture does not refute anything. Defendants' desire to once again inject irrelevant medical information (generally about minors) into this litigation is unfortunately a continued practice. *See* 1:25-cv-13453-LTS, Dkt. No. 15 at 3 (striking certain allegations "regarding the physical and psychiatric conditions suffered by [Plaintiff] while he was a minor" since "[t]he specificity of these allegations is unnecessary to plead the claims advanced in the complaint and can be stricken under Rule 12(f), which permits courts to 'strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.'").

*Third*, though Defendants are not forthright about this fact in their request, when they write that they want to use materials obtained "pre-discovery" they mean medical records provided as part of settlement negotiations. It is Plaintiff's view that using any materials obtained as part of settlement discussions is prohibited pursuant to Federal Rule of Evidence 408. While Plaintiff will be exchanging medical records with the Defendants once a protective order is in place, such use is prohibited at this stage, particularly where it is used to prove the validity of a claim as Defendants intend. This attempt to circumvent the rules, as well as the Defendants' continued lack of candor to the Court, is just a further display of Defendants' abusive tactics at issue in Plaintiff's motion to quash.

*Finally*, all this said, Plaintiff offered to evaluate whether there was any objection to the use of his medical records in the filing if Defendants would provide them for review to ensure the records did not contain anything subject to additional privileges or protections and Defendants refused and filed their emergency motion. See Exhibit A, Dougherty Corr. to Defendants, October 30, 2026. Defendants also refused to explain how Plaintiff's medical records are relevant to his motion to quash improper subpoenas. Defendants failed to do so. Plaintiff remains open and available to resolve this issue without court intervention but it requires Defendants' to compromise, provide the records and provide candor, transparency and affirmation that the records will not be misused to create distorted narrative that is irrelevant to the issues raised in the motion to quash.

Should the Court require anything further prior to the status conference, Plaintiff will be happy to so provide.

Dated: October 30, 2026

Respectfully submitted,
*/s/ Kimberly Dougherty*

Kimberly Dougherty (BBO# 658014)
Kelly Guagenty (BBO# 658872)
Paula Bliss (BBO# 652361)
**JUSTICE LAW COLLABORATIVE, LLC**
210 Washington Street
North Easton, MA 02356
Tel: (508) 230-2700
Fax: (385) 278-0287
kelly@justicelc.com
paula@justicelc.com
kim@justicelc.com

*and*

Lillian Smith (admitted *pro hac vice*)
**MCALLISTER OLIVARIUS**
641 Lexington Avenue, 13th Floor
New York, New York 10022
Tel: (212) 433-3456
lsmith@mcolaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Kimberly Dougherty, hereby certify that this document that was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Kimberly Dougherty*

Kimberly Dougherty (BBO# 658014)
Kelly Guagenty (BBO# 658872)
Paula Bliss (BBO# 652361)
**JUSTICE LAW COLLABORATIVE, LLC**
210 Washington Street
North Easton, MA 02356
Tel: (508) 230-2700
Fax: (385) 278-0287
kelly@justicelc.com
paula@justicelc.com
kim@justicelc.com

*and*

Lillian Smith (admitted *pro hac vice*)
**MCALLISTER OLIVARIUS**
641 Lexington Avenue, 13th Floor
New York, New York 10022
Tel: (212) 433-3456
lsmith@mcolaw.com

*Attorneys for Plaintiff*