**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| OLIVER ORTOLANI,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., PERFORMING ARTS BUILDING FOUNDATION, INC.,<br><br>Defendants. | Civil Case No.: 1:25-cv-12005-LTS<br><br>*– consolidated with –* |
| THE COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., and PERFORMING ARTS BUILDING FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID ORTOLANI and ELLEN ORTOLANI,<br><br>Defendants. | Civil Case No.: 1:25-cv-13453-LTS |

**DAVID AND ELLEN ORTOLANI'S OPPOSITION TO THE CHARITABLE ORGANIZATION'S REQUEST FOR A DISCOVERY PLAN**

David and Ellen Ortolani oppose the Charitable Organization's request that the Court enter an order adopting their proposed discovery plan. The motion is premature and their proposed discovery plan is inconsistent with the Rules of Civil Procedure. Consolidation of the two actions

was intended to promote efficiency and save resources. The Organizations' discovery plan does neither.

I. The Motion is Premature

The case of *Malec v. Trustees of Boston College the Court*, 208 F.R.D. 23 (D. Mass. 2002) should govern. Pursuant to Local Rule 26.2(b) a party should "exhaust" their opportunities for any type of discovery event under Local Rule 26.1(c) prior to proceeding with a discovery motion. *Malec* involved a motion seeking to authorize a deposition of a party opponent for fourteen hours over two days. The Court denied the motion as premature. It reasoned that "the better practice is for the deposition to go forward to determine how much is able to be covered in the seven hours and, then, if additional time is needed, for counsel to stipulate to extend the deposition for a specific additional time period." *Id*. at 24. In the absence of agreement, the parties were directed to notify the court so that it could consider whether additional deposition time was justified. The Organizations should be required to follow this sensible process.

II. The Organizations' Proposed Discovery Plan is Inconsistent With The Rules.

*A. Mr. and Mrs. Ortolani should not be compelled to come to Boston.*

Fed. R. Civ. P 45(d) provides that a party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(c)(1)(A) provides a subpoena may only command a person to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." The Organizations are demanding that Mr. and Mrs. Ortolani appear in person for a deposition at the offices of Saul Ewing in Boston. The Organizations claim that they are attempting to "avoid meaningful examination." (Memo at p. 6). This is not true. Mr. and Mrs. Ortolani live in Idaho. They work in Idaho. They are not trying to avoid legitimate discovery. They have offered to make

themselves available for a remote deposition as permitted by Rule 30(b)(4). They have offered to appear for a deposition at a convenient location in Idaho. The Organizations' demand for an in-person deposition in Boston should be rejected because it imposes an undue burden and expense.

*B. Consolidation Was Meant To Promote Efficiency Not Multiply Discovery.*

The Organizations filed a separate legal action to assert claims of indemnity and contribution that could have easily been asserted as third-party claims. Rule 42(a) provides for consolidation to avoid unnecessary cost or delay where cases overlap. The Ortolani's joined with the Organizations to request consolidation because they agree there are significant overlapping legal and factual issues. These indemnity and contribution claims are derivative of the underlying claims. The Organizations' proposed discovery plan would produce an inequitable result. Having agreed to consolidation they should not be permitted to use their procedural decision to needlessly file a separate action as a basis for doubling their deposition entitlement. The request turns the purpose of Rule 42(a) on its head.

The ordinary presumptive limits are ten depositions per side and seven hours for each deposition. The Court must limit the use of any discovery method if (1) the discovery is unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, or less burdensome or less expensive; (3) the party has had ample opportunity to obtain the information sought; or (4) the burden or expense of the proposed discovery outweighs its unlikely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b) (2). "In weighing these factors and applying them to whether a deposition should be longer than seven hours, the court should begin with the presumption that the seven-hour limit was carefully chosen and that extensions of that limit should

be the exception, not the rule. Automatic extensions eviscerate the rule. Moreover, the seven-hour limit encourages efficiency; it has been said that a writer's best friends are a deadline and a page limitation. The same may be said of lawyers conducting depositions." *Roberson v. Bair*, 242 F.R.D. 130, 138 (D.D.C. 2007).

The Organizations request that they be permitted 140 hours to take direct deposition testimony[1] as they see fit. They ask that they be allowed 21 hours of direct examination of Mr. and Mrs. Ortolani, three times the presumptive limit. The Organization's motion conflates the limits imposed by Rule 30(a)(2)(A)(i) and Rule 30(d)(1). Rule 26(b)(1) requires discovery to be proportional to the needs of the case. The Organizations casually assert that the presumptive limits are insufficient in this case without having first exhausted their right to ten depositions of seven hours. They are entitled to ask for more time if the seven hours proves insufficient. Rule 30(d) requires the Court to allow additional "if needed to fairly examine the deponent." Local Rule 26.2(b) requires them to exhaust their opportunity before they do so.

*C. The Proposed Discovery Plan Unfairly Prejudices The Ortolani's.*

Mr. and Mrs. Ortolani have asserted no claims against the Organizations. It is unlikely that they will have need to request much discovery let alone more than what is allowed by the Rules. The Organizations have asserted indemnity and contribution claims. The discovery they propose is vastly disproportional to the needs of the case. Their indemnity claim is based upon four permission slips. Whether these documents suffice to establish a contractual indemnity obligation presents a question of law for the Court. Little discovery, if any, should be necessary on this claim. Massachusetts recognizes a right of contribution only where two or more parties are jointly liable in tort for the same injury. M.G.L. c. 231B. Whether the Ortolani's might be held jointly liable in

---

[1] The Organizations derive this number from 10 depositions multiplied by 7 hours multiplied by two cases.

tort for the alleged statutory violations also presents a question of law for which little discovery should be necessary.

The Ortolani's have been complying and will continue to comply with their discovery obligations. They are entitled under the Rules to be protected against undue burden or expense if proposed discovery outweighs its likely benefit. Rule 30(d) provides a deponent with the right to move to terminate or limit an examination. Granting permission for the Ortolani's to be deposed for 21 hours would be fundamentally unfair. The Organizations should be required to exhaust the seven hours provided to them by the Rules. If they believe seven hours has proved insufficient, they may request more. The Ortolani's are entitled to object. The Rules provide ample protection to both sides. The Rules are meant to be followed, not circumvented.

**REQUESTED RELIEF**

The Ortolani's request that the Court DENY the Charitable Organization's Request For An Order Providing For A Discovery Plan.

**DAVID and ELLEN ORTOLANI**

By their attorneys,

Robert P. Powers

Robert P. Powers, BBO No. 544691
Dante T. Driscoll, BBO No. 717115
One Liberty Square, 7th Floor
Boston, MA 02109
Telephone: (617) 523-6200
rpowers@melicklaw.com
ddriscoll@melicklaw.com

**CERTIFICATE OF SERVICE**

Robert P. Powers, hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 5, 2026.