**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **OLIVER ORTOLANI,**<br><br>Plaintiff,<br><br>v.<br><br>**COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., PERFORMING ARTS BUILDING FOUNDATION, INC.,**<br><br>Defendants. | Civil Case No.: 1:25-cv-12005-LTS<br><br>*-consolidated with -* |
| **COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., PERFORMING ARTS BUILDING FOUNDATION, INC.,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**DAVID ORTOLANI and ELLEN ORTOLANI**<br><br>Defendants. | Civil Case No.: 1:25-cv-13453-LTS |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR A DISCOVERY PLAN EXTENDING DISCOVERY LIMITS**

## INTRODUCTION

Defendants' Community of Jesus, Inc. ("Community"), Arts Empowering Life, Inc., Performing Arts Building Foundation, Inc. ("Defendants") Request for an Order Providing a Discovery Plan seeking to extend discovery limits (Dkt. No. 65 (the "Discovery Expansion Request")) should be denied as premature as a matter of law. Local Rule 26.2(b) conditions requests for additional discovery by requiring a party to exhaust the opportunities for discovery under Local Rule 26.1(c). *Koppel v. Moses*, No. 20-cv-11479-LTS, 2022 U.S. Dist. LEXIS 89219, at *7 (D. Mass. May 18, 2022). Courts have held that "the introductory clause [of Local Rule 26.2(b)] 'requires a party to exhaust available discovery *before* seeking leave for additional discovery events.'" *Id.* (citing *Whittingham v. Amherst Coll.*, 163 F.R.D. 170, 171 (D. Mass. 1995) (emphasis in original)). Since the Parties have not yet even begun depositions, and Defendants have not yet used their allotted ten depositions at seven hours each, and have not exhausted their discovery efforts, this request is premature as a matter of law and entirely speculative.

This request can also be denied as a matter of law on another ground. While Defendants' request details why they are seeking to extend the amount of deposition time for ***the parties*** in this case (*see* Discovery Expansion Request at 3-6), Defendants seek an extension of the ***total number of deposition hours*** without naming *who* it is they seek to depose. Failure to number and name the parties "needed" for such additional deposition time once again mandates that their motion fail. *Whittingham*, 163 F.R.D. at 171-72 (without the number and name of additional deponents sought, court is unable to assess the "cumulative effect of the proposed discovery" and the "opportunity for the party to obtain the information through other means," particularly in light of the legislative intention of maintaining a "tighter rein" on the extent of discovery).

Delving into the facts, Defendants' motion should be denied because they simply have not shown that there is a need for such an extension of the discovery limitations at this time. Allowing Defendants their requested extension of the limitations without requiring them to exhaust their allotted deposition time would increase their likelihood of abusing the litigation process, particularly given their now demonstrated tendencies to use discovery to (1) over-litigate in order to drive up costs should they be successful in their contribution/indemnification case against the Ortolani parents; and (2) focus on irrelevant material requiring Plaintiff to move to quash. To the extent the Court finds that the issue of the location of a deposition is ripe for decision now, the increasingly ubiquitous remote depositions would avoid unnecessary expenses for a survivor whose family spent years subject to the economic coercion of Defendants. Moreover, requiring a survivor to return to the state where they suffered from the abusive tactics of the Defendants would be very triggering for a survivor like the Plaintiff who is barely a year from being a minor.

For the reasons set forth herein, Defendants' Request should be denied

## RELEVANT FACTS[1]

Plaintiff Oliver Ortolani ("Plaintiff"), now 19 years old, commenced this action on July 16, 2025 against Defendants arising from their coercion, abuse, and forced labor trafficking of Plaintiff during his childhood at the Community, which Plaintiff alleges is a high-demand/high control group. Dkt. No. 1 ("Complaint") at ¶ 32. The Court denied the Defendants' motion to dismiss in full on June 26, 2026, and on July 13, 2026, consolidated Plaintiff's Action with the Defendants' contribution/indemnification action against Plaintiff's parents, David and Ellen Ortolani (Civil Case No. 1:25-cv-13453-LTS).

[1] Defendants once again include facts without affidavit, declaration, or other citation. Plaintiff will not engage in correcting all the misstatements regarding the Ortolanis. The discovery in these matters will speak for itself.

As Defendants admit, beginning in at least July 2026, prior to any documents exchanged in this matter, Defendants have been seeking to extend the discovery limitations. Discovery Expansion Request at 3; Declaration of Kimberly Dougherty in Opposition to Defendants' Request for an Order Providing a Discovery Plan ("Dougherty Dec.") at ¶ 14. In August, Plaintiff noted his position on Defendants' request, which included that Defendants' failed to demonstrate a need for doubling the deposition time allowed and that the parties can revisit if and when, "taking into account whether time during deposition was wasted with irrelevant material or if the testimony sought is duplicative. Any scorched earth tactics to seek excessive and irrelevant discovery, which also clearly is designed to attempt to financially burden and harass the Ortolanis in this matter, will be opposed[.]" Dougherty Dec., Ex. C.

This strategy has already been demonstrated with multiple irrelevant subpoenas and motions related to non-parties. *See, e.g.*, Dkt. Nos. 58-61; Dkt No. 67 at 2-5; Dkt. No. 68 at 3-9 and the exhibits annexed thereto. Indeed, Defendants have thus far demonstrated that they are willing to bring in irrelevant material into discovery in this litigation regarding those who have spoken out against the Community and their affiliated entities' abuses, as well as completely irrelevant, private medical records of Plaintiff, requiring Plaintiff to move to quash. *See* Dkt. Nos. 58-61, 63-64, 66, 67, 68. The requests herein are more of the same.

Defendants' strategy is clear: over-litigate so that they can saddle the Ortolani parents with the costs should they be successful,[2] and the Court should not allow it without Defendants'

[2] Noah Ortolani states as follows: "my parents have been told it is the intent of the [Community] to countersue them [in Plaintiff's lawsuit]. . . . They expect to be inundated with legal fees by the Community's very aggressive lawyer, whose sole strategy is to overwhelm them with said legal fees in order to get my brother to drop the case." Dougherty Dec., Ex. A at NO_00000661; *see also id.*, Ex. B at OO_00000859 (message from David Ortolani explaining that Defendants' "initial strategy seems to be to smear us, and also try to bury us in legal stuff in order to bankrupt us and have us give up" . . . we don't have the resources to just hire someone straight up . . . having put most of our lifetime earning power right back into [the Community]").

exhausting their discovery efforts first and without good cause shown for the extension of discovery beyond the limits set by the rules. Indeed, Plaintiff asked that instead of filing the motion herein, Defendants instead seek an informal conference with the Court, which the Court initially raised with the parties in relation to this very request. Dougherty Dec. at ¶¶ 15-18, Ex. D. Defendants refused and insisted on full briefing, despite the fact that their brief does not contain any case law, let allow any of the relevant case law cited herein. *Id.* at ¶ 19.

To date, no depositions have been taken, thus discovery efforts have not been exhausted. Defendants have not identified specific deponents beyond those allotted and why they are needed. There has been no adequate showing of good cause warranting a deviation from the rules at this time. Should, after exhausting all discovery, Defendants establish good cause for additional depositions and hours of depositions, Plaintiff will entertain such request. Until then, Defendants' request is premature and improper under rule 26(b)(2).

For the reasons set forth herein, Plaintiff respectfully asks that this Court deny the Defendants' request to extend the discovery limitations set forth by Local Rule 26.1(c) as premature and allow Plaintiff's deposition to proceed remotely.

## ARGUMENT

### I. Legal Standard

Under Local Rule 26.1(c), Discovery Event Limitations, depositions are limited to ten per side "[u]nless the judicial officer orders otherwise." *See also* Fed. R. Civ. P. 30(a)(2)(A)(i) (10 deposition limit). The objective of the amendment to the Federal Rules was "to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case." Fed. R. Civ. P. Advisory Committee notes to 1993 amendments. "Another session of this court has explained that 'the purpose of the limitation in the rule is to force counsel to think long and hard about who they want to depose and to depose only those who are really important, so as

to stay within the limit set by the rule. . . . courts should not freely grant relief from the limits without a showing of need.'" *Yourga v. City of Northampton*, Civil Action No. 16-30167-MGM, 2018 U.S. Dist. LEXIS 30430, at *14 (D. Mass. Feb. 26, 2018) (citing *S.F. Health Plan v. McKesson Corp*., 264 F.R.D. 20, 21 (D. Mass. 2010)). The party making the request for additional deposition bears the burden of showing a need for the discovery. *Id.*

The Federal Rules also limit each of the ten depositions to "one day of 7 hours," with extra time allowed "if needed to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1). In so limiting, the Advisory Committee noted that it "has been informed that overlong depositions can result in undue costs and delays in some circumstances. . . . The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed. R. Civ. P. Advisory Committee notes to 2000 amendments.

Local Rule 26.2(b) sets forth what is required in order to get an extension of Local Rule 26.1(c)'s limitations:

> ***<u>Should a party exhaust the opportunities for any type of discovery events under L.R. 26.1(c)</u>***, any requests that such party may make for additional interrogatories, depositions, admissions or the production of documents beyond that allowed pursuant to L.R. 26.1(c) shall be by discovery motion. All requests for additional discovery events, extensions of deadlines, for the completion of discovery or for postponement of the trial must be signed by the attorney and the party making the request.

Local Rule 26.1(c) (emphasis added). Courts have interpreted that exhaustion of the discovery events is a prerequisite for making the discovery motion. *Koppel*, 2022 U.S. Dist. LEXIS 89219, at *7 ("Local Rule 26.2(b) conditions such requests for additional discovery by requiring a party to exhaust the opportunities for discovery under Local Rule 26.1(c)."); *see also Whittingham*, 163

F.R.D. at 171 (Local Rule 26.2(b)(2) "requires a party to exhaust available discovery *before* seeking leave for additional discovery events" (emphasis in original)).

Moreover, requests for addition depositions must include the name of the proposed deponents "since a court must determine the cumulative effect of the proposed discovery as well as the opportunity for the party to obtain the information through other means[.]" *Id.* at 171-72; *see also S.F. Health Plan*, 264 F.R.D. at 21 ("[T]he party seeking the additional depositions must specify who is to be deposed and the reasons why their testimony is necessary.")

The Federal Rules allow a court on its own to "limit the frequency or extent or discovery otherwise allowed" if "the discovery sought is unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i).

## II. Defendants' Requests for Additional Depositions Fails as a Matter of Law and is Premature

Defendants' request for more deposition time fails as a matter of law for several independent reasons.

*First*, Defendants have not exhausted their allotted ten depositions as depositions have not even begun in this case. ***This is a pre-requisite as a matter of law***.[3] Local Rule 26.2(b)(2); *Koppel*, 2022 U.S. Dist. LEXIS 89219, at *7; *Whittingham*, 163 F.R.D. at 171 (Local Rule 26.2(b)(2) "requires a party to exhaust available discovery *before* seeking leave for additional discovery events")

*Second*, Defendants did not articulate ***who*** it is they seek to depose with their ***doubling*** of the deposition time, other than indicating they seek 21 hours each for Plaintiff, David, and Ellen Ortolani, and even then, they have not exhausted their allotted 7 hours for each deposition yet and

[3] Moreover, Defendants' motion did not include a party signature, a prerequisite for the motion to extend the default discovery events. Local Rule 26.1(c) ("All requests for additional discovery events . . . must be signed by the attorney and the party making the request.").

have not shown a need for 21 hours of time with each. Discovery Expansion Request at 6. Such omissions are fatal to their request. *See Linhares v. Woods Hole*, Civil Action No. 1:20-cv-12035-IT, 2022 U.S. Dist. LEXIS 226623, at *20 (D. Mass. Dec. 16, 2022) ("To the extent that Linhares argues that more than a total of ten depositions is necessary, the motion is denied where Linhares has failed to make a particularized showing as to the relevance of the testimony of each individual deponent."); *Whittingham*, 163 F.R.D. at 171-72.

Not only is articulating a need necessary as a matter of law, it is vital given Defendants' conduct thus far towards irrelevant people and issues. The concern here is that the motion "bespeaks of a possible fishing expedition into what appear to be largely irrelevant issues." *Pedraza v. Holiday Housewares, Inc.*, 203 F.R.D. 40, 42 (D. Mass. 2001) (denying motion to take additional depositions where plaintiff failed to allege a connection between the defendants in the case and the potential deponent, and where plaintiff fails to argue that the evidence would be admissible).

Instead of naming who exactly they seek to depose, Defendants make a passing reference to the "over 100 witnesses that have already been collectively identified in the parties' initial disclosures." Discovery Expansion Request at 2. To be clear, it is Defendants who named 96 witnesses and Plaintiff has no intention of deposing 96 individuals, who clearly will have duplicative testimony. Furthermore, in his initial disclosures, Plaintiff listed multiple people who were used as instruments by the Defendants in perpetrating this forced labor trafficking and who witnessed Plaintiff on the Performing Art Building forced labor job site and other of the events alleged in the Complaint. But many of those people remain members of the Community and therefore under Defendants' coercive control with experiences that are not unique. Given that, their

testimony is expected to be of limited value, and certainly will be cumulative and duplicative.[4] Dougherty Dec. at ¶ 10. Discovery is still in its early stages, however, and should any party need to increase to the number of depositions, they must first exhaust the discovery allotted under the rules, then establish good cause to justify additional depositions or hours, and specify who exactly he is seeking and why as required under Rule 26.

### III. Defendants' Motion to Triple the Amount of Time for Plaintiff's Deposition is Premature

Defendants request that the Court ***triple*** the amount of time allowed for Plaintiff's deposition. Discovery Expansion Request at 6. Such a request is both premature and without justification.

The case of *Malec v. Trs. of Boston College* is directly on point. There, the Defendants filed a motion for leave to extend Plaintiff's deposition to 14 hours, two thirds of what is requested here. 208 F.R.D. 23, 24 (D. Mass. 2002). As here, the motion was filed before the deposition commenced and before any testimony had been taken. *Id.* In denying the motion, this Court held that while it will allow more than seven hours if needed as Rule 30(d)(2) allows, but "the better practice is for the deposition to go forward to determine how much is able to be covered in the seven hours," before any such extension is granted. *Id.* Plaintiff put this reasonable position forward to Defendants in August: "Defendants have not shown a need for doubling the allowance in the Federal Rules. If, and when, any party can show a need for an additional deponents or extra time than the allotted seven hours, we can revisit, taking into account whether time during deposition

---

[4] This does not include central Community leadership, such as Betty Pugsley, Karen Moore, Rick Pugsley, and Hans Olsen (the "Community Leadership"), who directed the trafficking and forced labor at issue and were responsible for the coercive atmosphere which is central to Plaintiff proving his claims. Plaintiffs served document subpoenas to Community Leadership on September 16, 2026, with a production date of September 26, 2026. To date, Defendants have not produced any responsive documents, and just on November 4, 2026—nearly ***6 weeks*** after the deadline, proposed search terms for the subpoenas. Dougherty Dec. at ¶¶ 11-12.

was wasted with irrelevant material or if the testimony sought is duplicative." Dougherty Dec., Ex. C.

It is particularly important that this Court take the "best practice" described in *Malec* and wait and see how Defendants use their initial seven hours of deposition, given that Plaintiff anticipates that Defendants will waste time with abusive and irrelevant materials. Defendants have already demonstrated that they are intent on pursuing irrelevant lines of inquiry, which Plaintiff has had to seek to quash. Dkt. Nos. 67-68. They have also already included irrelevant, embarrassing, private information about him in their complaint against the Ortolani parents on the public docket, which the Court struck. *See* 1:25-cv-13453-LTS, Dkt. No. 11 at 3 ("[Defendants] have filed a 20-page Complaint replete with immaterial allegations about the [Ortolani parents and Plaintiff]. These allegations have no substantive value. It is reasonable to ask for what purpose? It is not unreasonable to conclude that this Complaint was drafted to publicly disparage and embarrass the [Ortolani parents]."; Dkt. No. 15 at 3 (striking certain allegations "regarding the physical and psychiatric conditions suffered by [Plaintiff] while he was a minor" since "[t]he specificity of these allegations is unnecessary to plead the claims advanced in the complaint and can be stricken under Rule 12(f), which permits courts to 'strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.'").

Defendants claim that they need the extra time for depositions because Plaintiff is allegedly a "strategic, purposeful young man," Discovery Expansion Request at 5, and attach a communication with a filmmaker who was researching the abuses of the Community for a documentary. Dkt. No. 65-4. In so attaching, the Defendants make their purpose clear: they are seeking to punish Plaintiff for speaking out about Defendants' abuses.[5] Because Defendants have

[5] Defendants' other exhibits also support Plaintiff's position and allegations. The volume of emails in Defendants possession (Dkt. Nos. 65-1 and 65-2) demonstrate the economic coercion alleged in the Complaint paragraphs 51-

not deposed Plaintiff for the allotted 7 hours, they have not exhausted their discovery efforts as required by Rule 26, and the request for more time is improper, premature and speculative.

Moreover, Defendants have failed to articulate any need for such an expansion prior to depositions beginning. Defendants' claim that the Complaint contains "111 factual allegations," a number not uncommon in many lawsuits where a party is allotted 7 hours of deposition time, and cannot justify ***tripling*** his deposition time before his deposition has even started. The default seven-hour limit under Rule 30(d)(1) is designed for all matters, and courts routinely require movants seeking to expand it to make a particularized showing of necessity and good cause for each additional hour. Defendants have offered none—only generalized assertions about witness importance and document volume that would, if accepted, swallow Rule 30(d)(1) entirely.

The fact that Defendants chose to bring this as separate action that is now "consolidated," rather than a Fed. R. Civ. P. Rule 14 third-party complaint does not change the calculus when it comes to the amount of time allowed for Plaintiff's deposition. Defendants have not demonstrated that additional questioning of *Plaintiff* will be required as a result of their contribution/indemnification claims. In any event, the facts surrounding any signature on a waiver is part of the same underlying fact pattern of this litigation: two generations of coercion by a high-demand, high-control group leading to forced labor and forced labor trafficking.

Contrary to Defendants' contention, this is not Plaintiff's effort to "block the [Defendants] from defending themselves." Discovery Expansion Request at 5. This is simply a matter of a premature request, that should be evaluated after the initial deposition day is done so the parties

53—the Defendants' tactic of keep the Ortolanis busy for little pay. They also demonstrate that more deposition time is not needed given the fulsome documentary record. Furthermore, Plaintiff's resume and emails clearly demonstrate a young man trying to make the best out of leaving a high control, high demand group and make a life for himself despite his trauma. Dkt. Nos. 65-3, 65-4, 65-5 and 65-6. They are irrelevant as to why Defendants need more time to depose Plaintiff before depositions have even started.

can consider whether the initial seven hours was used appropriately on material relevant to the case and with respectful questioning, and whether good cause is established warranting more time. Until then, the request must be denied.

### IV. Party Deposition Location is Not Ripe, Should Be Held Remotely or, in the Alternative, in Idaho

Defendants also seek a blanket, advanced edict that depositions take place in Boston and would occur in person rather than virtually. Discovery Expansion Request at 7. Such a request is not yet ripe for adjudication. No deposition notices have gone out in this case requiring a deposition at a specific location. Accordingly, this request, like the other requests herein, is premature.

To the extent the Court is amenable to this request at this time, Plaintiff respectfully requests that his deposition proceed remotely. "As recognized by district courts throughout the country, remote depositions under Rule 30(b)(4) are now the 'new normal' following the COVID pandemic." *Ward v. Copenhaver*, No. 3:22-cv-00250-LPR-BBM, 2026 U.S. Dist. LEXIS 32437, at *12 (E.D. Ark. Feb. 18, 2026) (collecting cases); *see also Hanwha Corp. v. Heartland Mach. & Eng'g, LLC*, No. 1:22-cv-01477-JPH-MG, 2024 U.S. Dist. LEXIS 7118, at *5 (S.D. Ind. Jan. 11, 2024) ("Indeed, the weight of authority suggests that 'leave to take depositions by remote electronic means should be liberally granted.'" (citing 7 Moore's Federal Practice - Civil § 30.24 (2023)). Remote depositions, taken nowadays via advanced teleconference software with the ability to handle exhibits quickly and conveniently, would not deny Defendants the opportunity to evaluate Plaintiff's demeanor when answering. *See M.V. v. United States*, No. 26-cv-00609, 2026 U.S. Dist. LEXIS 227164, at *2 (N.D. Cal. Oct. 2, 2026); *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 602 (D. Kan. 2012).

Rather than "so as to be shielded from adequate examination under oath" as Defendants claim (Discovery Expansion Request at 6), Plaintiff seeks a remote deposition for simple reasons:

as a way to save money and avoid re-triggering and traumatizing an abuse survivor by requiring he return to the state of his abuse. As alleged in the Complaint, Plaintiff and his family were subject to decades of emotional and economic coercion at the hands of Defendants. Complaint at ¶¶ 51-53. After escaping, Plaintiff and his family were forced to start from scratch. Dougherty Dec., Exs. A, B. Avoiding retraumatizing is a valid reason for the deposition to be conducted remotely.

In addition, a concern for saving money, where the cause for Plaintiff's financial position is ***the Defendants' own coercive tactics***, is sufficient for a remote deposition. *See Ward*, 2026 U.S. Dist. LEXIS 32437, at *12-13 (money saving is a "legitimate reason for requesting that his deposition be taken remotely"). Though the First Circuit does not have as many cases directly addressing this issue, in analogous cases in district courts in the Eighth and Ninth Circuits, once such a legitimate reason is put forth, the other side must make a showing that holding a deposition would cause them prejudice. *See, e.g., M.V.*, 2026 U.S. Dist. LEXIS 227164, at *2; *Ward*, 2026 U.S. Dist. LEXIS 32437, at *11-12. Other than conclusory statements, Defendants have simply not done so. *See Doe v. Bd. of Regents*, No. 4:21CV3049, 2022 U.S. Dist. LEXIS 215949, at *9-10 (D. Neb. Nov. 30, 2022) ("Defendant's reasons for objecting to a videoconference deposition of Plaintiff are the same generic reasons why any party objects to remote depositions, but they have not explained how a videoconference deposition of Plaintiff is inadequate to address those concerns.").

Important policy considerations underly this request. Plaintiff's lawsuit is an important step for survivors of high-control/high-demand groups. Plaintiff brought this litigation despite threats of personal, emotional, religious and financial ruination to his family for the purpose of seeking justice. Cost-saving steps like allowing remote depositions would improve survivor access to justice without triggering him, particularly when such groups typically use emotional, religious

and economic coercion as a means of keeping their members in line. Where Defendants have not shown any prejudice, remote depositions would be appropriate here given this context.

In the alternative, for similar financial reasons, Plaintiff respectfully request that his deposition be conducted near his home in Idaho so as to save on the travel costs and not be retraumatized by returning to the state where abuse occurred.

**CONCLUSION**

For the foregoing reasons, Plaintiff Oliver Ortolani respectfully requests that the Court deny Defendants' motion to extend the discovery limitations.

Dated: November 6, 2026

Respectfully submitted,

*/s/ Kimberly Dougherty*

Kimberly Dougherty (BBO# 658014)
Kelly Guagenty (BBO# 658872)
Paula Bliss (BBO# 652361)
Pamela Takefman (admitted *pro hac vice*)
**JUSTICE LAW COLLABORATIVE, LLC**
210 Washington Street
North Easton, MA 02356
Tel: (508) 230-2700
Fax: (385) 278-0287
kelly@justicelc.com
paula@justicelc.com
kim@justicelc.com
pamela@justicelc.com

*and*

Lillian Smith (admitted *pro hac vice*)
**MCALLISTER OLIVARIUS**
641 Lexington Avenue, 13th Floor
New York, New York 10022
Tel: (212) 433-3456
lsmith@mcolaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Kimberly Dougherty, hereby certify that this document that was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: November 6, 2026

Respectfully submitted,
*/s/ Kimberly Dougherty*

Kimberly Dougherty (BBO# 658014)
**JUSTICE LAW COLLABORATIVE, LLC**
210 Washington Street
North Easton, MA 02356
Tel: (508) 230-2700
Fax: (385) 278-0287
kim@justicelc.com