**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **OLIVER ORTOLANI,**<br><br>Plaintiff,<br><br>v.<br><br>**COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., PERFORMING ARTS BUILDING FOUNDATION, INC.,**<br><br>Defendants. | Civil Case No.: 1:25-cv-12005-LTS<br><br>*-consolidated with -* |
| **COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., PERFORMING ARTS BUILDING FOUNDATION, INC.,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**DAVID ORTOLANI and ELLEN ORTOLANI**<br><br>Defendants. | Civil Case No.: 1:25-cv-13453-LTS<br><br>**DECLARATION OF KIMBERLY DOUGHERTY IN OPPOSITION TO DEFENDANTS' REQUEST FOR A DISCOVERY PLAN EXTENDING DISCOVERY LIMITS** |

I, **Kimberly Dougherty**, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1. I am over 18 years of age, and have personal knowledge of the facts set forth in this Declaration.

2. I am an attorney and partner in the law firm Justice Law Collaborative. We, along with McAllister Olivarius, are counsel of record for Plaintiff Oliver Ortolani ("Plaintiff") in the above-captioned matter.

3. I submit this Declaration in opposition to Defendants' Request for an Order Providing for a Discovery Plan Pursuant to Rule 26 seeking to extend the discovery limits (Dkt. No. 65) (the "Discovery Expansion Request").

4. As the Complaint in this case makes clear, the Community of Jesus ("Community"), one of the Defendants in this action, "is a 'high demand/high control' group that dominates all aspects of its members lives and thinking" and "demands strict obedience to its dictates." (Dkt. No. 1 ("Complaint") ¶¶ 32, 33.)

5. Plaintiff was born as a second-generation member of the Community. (*Id.* ¶ 56.) By the time the forced labor began when Plaintiff was 11, Plaintiff was aware of what happened to people who disobeyed Defendants' orders. (*Id.* ¶ 84.) Plaintiff endured himself, or watched others endure, Defendants' harsh punishments of its members by way of public humiliation, ostracization, family separation, and beatings. (*See, e.g., id.* ¶¶ 38-47, 81-84.) Defendants exercised complete psychological coercion and control over Plaintiff and his family which lead to his being forced to labor on a worksite as a child for almost two years.

6. Plaintiff and his family were subject to decades of economic coercion at the hands of Defendants. When Plaintiff and his family escaped in 2023, Plaintiff and his family spent many years of working for the Community for little to no money. As is common in high-control/high-demand groups, Defendants' tactic was to keep members like Plaintiff and his family constantly busy so that they would have less time to reflect on Defendants's actions. *See id.* at ¶¶ 51-53.

7. Annexed hereto as **Exhibit A** is a true and correct document produced in discovery by Plaintiff's brother, non-party Noah Ortolani, which is a letter addressed to his financial aid officer regarding special circumstances meriting consideration, bearing Bates numbers NO_00000658–NO_00000662. In that document, Noah Ortolani describes the economic coercion

imposed on the Ortolani family by the Community and its affiliated entities, including the funneling of his father's labor into Community arts groups and Paraclete Press, Inc. for "skeletal wages," and the pressure placed on his parents to donate to Community enterprises regardless of their financial ability. Noah Ortolani further states: "[M]y parents have been told it is the intent of the [Community] to countersue them [in Plaintiff's lawsuit]. . . . They expect to be inundated with legal fees by the Community's very aggressive lawyer, whose sole strategy is to overwhelm them with said legal fees in order to get my brother to drop the case." Ex. A.

8. Annexed hereto as **Exhibit B** is a true and correct copy of a Facebook message from David Ortolani from September 17, 2025, bearing Bates number OO_00000859, in which Mr. Ortolani explains that Defendants' "initial strategy seems to be to smear us, and also try to bury us in legal stuff in order to bankrupt us and have us give up," and "we don't have the resources to just hire someone straight up . . . having put most of our lifetime earning power right back into [the Community]."

9. In his initial disclosures served in this matter, Plaintiff identified multiple individuals who were used as instruments by Defendants in perpetrating the forced labor trafficking alleged in the Complaint, and/or who witnessed Plaintiff at the Performing Arts Building forced labor job site and other events alleged in the Complaint. Defendants initially named 96 witnesses in their initial disclosures.

10. Based on my investigation and knowledge of this matter, many of the individuals identified in the parties' initial disclosures remain members of the Community and are therefore subject to the Defendants' coercive control as alleged in the Complaint. For that reason, I anticipate that the testimony of such witnesses will be largely cumulative and duplicative of other available evidence.

11. This does not include members of the Community's central leadership, such as Betty Pugsley, Karen Moore, Rick Pugsley, and Hans Spatzeck-Olsen (collectively, the "Community Leadership"), who, as alleged in the Complaint, directed the trafficking and forced labor at issue and were responsible for the coercive atmosphere central to Plaintiff's claims.

12. On September 16, 2026, Plaintiff served document subpoenas on the Community Leadership, with a production date of September 26, 2026. To date, Defendants have not produced any responsive documents on behalf of the Community Leadership. Defendants only proposed search terms on November 4, 2026, nearly six weeks after the deadline.

13. As discovery is still early in this matter, should Plaintiff discovery that he requires an extension of the limitations to prove his claims and/or disprove Defendants' defenses, he will seek an extension of the limits after they are exhausted as is appropriate.

14. Beginning in at least July 2026, and prior to the exchange of any documents in this matter, Defendants communicated to Plaintiff's counsel and to the Court their intention to seek an extension of the discovery limitations set forth in Local Rule 26.1(c), including a request to double the deposition time allowed for the parties. *See* Discovery Expansion Request at 3.

15. In response to Defendants' request to expand the discovery limits, the Court proposed that the parties take advantage of a more informal conferencing mechanism rather than the parties engaging in motion practice.

16. On August 27, 2026, counsel for Defendants set forth their intention to extend the discovery limits in writing. Annexed hereto as **Exhibit C** is a true and correct copy of the email chain between parties from the consolidated cases on August 27, 2026 and August 28, 2026.

17. In that correspondence, I stated: "Defendants have not shown a need for doubling the allowance in the Federal Rules. If, and when, any party can show a need for an additional

deponents or extra time than the allotted seven hours, we can revisit, taking into account whether time during deposition was wasted with irrelevant material or if the testimony sought is duplicative. Any scorched earth tactics to seek excessive and irrelevant discovery, which also clearly is designed to attempt to financially burden and harass the Ortolanis in this matter, will be opposed[.]" *See* Ex. C.

18. On October 20, 2026, after the parties met and conferred on this topic, I memorialized what I requested during the conference: that rather than a motion, the Defendants use the informal conferencing mechanism that the Court suggested with regards to this very topic. Annexed hereto as **Exhibit D** is a true and correct copy of an email chain from October 15, 2026 to October 20, 2026. *See* Ex. D. Despite my note that "[t]his is the precise type of request that can be made to the Court informally, and Plaintiff's counsel suggest we do that to save on Court and party resources," the Defendants refused and went ahead with full briefing. *Id.*

19. Despite opting for full briefing, Defendants failed to cite *any* case law, let alone the case law that directly contradicts their premature requests, and annexes only irrelevant exhibits, as described more fully in the accompanying Memorandum of Law.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of November, 2026.

*/s/ Kimberly Dougherty*

Kimberly Dougherty (BBO# 658014)
JUSTICE LAW COLLABORATIVE, LLC
210 Washington Street
North Easton, MA 02356
Tel: (508) 230-2700
kim@justicelc.com

**CERTIFICATE OF SERVICE**

I, Kimberly Dougherty, hereby certify that this document that was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: November 6, 2026

Respectfully submitted,

*/s/ Kimberly Dougherty*

Kimberly Dougherty (BBO# 658014)
**JUSTICE LAW COLLABORATIVE, LLC**
210 Washington Street
North Easton, MA 02356
Tel: (508) 230-2700
Fax: (385) 278-0287
kim@justicelc.com