# EXHIBIT C

Outlook

## Re: Oliver Ortolani v. Arts Empowering Life et al; Arts Empowering Life et al v. Ellen and David Ortolani

**From** Kim Dougherty <Kim@justicelc.com>

**Date** Fri 8/28/2026 4:44 PM

**To** Robert Powers <rpowers@melicklaw.com>; Robbins, Jeffrey S. <jeffrey.robbins@saul.com>; Kelly Guagenty <Kelly@justicelc.com>; Dante Driscoll <ddriscoll@melicklaw.com>; lsmith@mcolaw.com <lsmith@mcolaw.com>; Paula Bliss <Paula@justicelc.com>; Pamela Takefman <Pamela@justicelc.com>

**Cc** Lipchitz, Joseph D. <joseph.lipchitz@saul.com>; Mott, Bridgitte E. <bridgitte.mott@saul.com>; Weinstein, Jacob <jacob.weinstein@saul.com>; Kelly Spinola <kspinola@melicklaw.com>

Counsel,

Thanks for sharing your proposal. We agree with the Attorney Powers' position and join in the Ortolani parents' objections, and write to add the following points.

We do not agree to Defendants seeking 140 hours per party of deposition time at the outset. Defendants have not shown a need for doubling the allowance in the Federal Rules. If, and when, any party can show a need for an additional deponents or extra time than the allotted seven hours, we can revisit, taking into account whether time during deposition was wasted with irrelevant material or if the testimony sought is duplicative. Any scorched earth tactics to seek excessive and irrelevant discovery, which also clearly is designed to attempt to financially burden and harass the Ortolanis in this matter, will be opposed and exposed to the Court.

For the same reasons, Plaintiff does not agree to extending any amount of deposition time for the Plaintiff, or any other deponent at this time, given there has been no showing of the need for it.

We also do not agree to the depositions occurring in Boston. Remote depositions should be sufficient and, to the extent a need for in person can be demonstrated (which it hasn’t), Plaintiff’s position is that it should take place in Idaho.

Finally, we agree with Bob that there should be no doubling of any further limitations on discovery at the outset, and any requests for additions to the limitations in the Federal Rules should be based on need, which has not been articulated by Defendants.

We are similarly happy to meet and confer on this topic ahead of any motion, as required by the rules.

Notably, we encourage you to refrain from using pretense and referring to your clients as "Charitable Organizations," they are Defendants in this matter. We have not been referring to the Plaintiff as the Trafficking Abuse Survivor, surely your clients would take issue if we did.

Have a nice weekend.

Best, Kim

Kim Dougherty, Co-Founder/Partner
Justice Law Collaborative, LLC
210 Washington St.
N. Easton, MA 02356
(508) 230-2700
Kim@justicelc.com
www.justicelawcollaborative.com

*** PLEASE NOTE OUR NEW ADDRESS

---

**From:** Robert Powers <rpowers@melicklaw.com>
**Sent:** Friday, 28 August 2026 06:18:32
**To:** Robbins, Jeffrey S. <jeffrey.robbins@saul.com>; Kim Dougherty <Kim@justicelc.com>; Kelly Guagenty <Kelly@justicelc.com>; Dante Driscoll <ddriscoll@melicklaw.com>; lsmith@mcolaw.com <lsmith@mcolaw.com>; Paula Bliss <Paula@justicelc.com>; Pamela Takefman <Pamela@justicelc.com>
**Cc:** Lipchitz, Joseph D. <joseph.lipchitz@saul.com>; Mott, Bridgitte E. <bridgitte.mott@saul.com>; Weinstein, Jacob <jacob.weinstein@saul.com>; Kelly Spinola <kspinola@melicklaw.com>
**Subject:** Re: Oliver Ortolani v. Arts Empowering Life et al; Arts Empowering Life et al v. Ellen and David Ortolani

Jeff:

Thank you for sharing your proposal. My position is as follows:

I do not agree that each side be allotted 140 hours of deposition time. This matter involves a single underlying dispute. The only reason there are two docket numbers is because the Community elected to file a separate contribution and indemnity action against my clients, rather than asserting those claims as third-party claims in the original action, which is the more typical practice. My clients do not have any affirmative claims and have no need for anything approaching 140 hours of deposition testimony.

I do not agree that the Community should be permitted three full days (21 hours) to depose Ellen and David Ortolani. Rule 30(d)(1) establishes a presumptive limit of one day of seven hours for a deposition. Your request for three days is triple this amount. I think it is fair to anticipate substantial overlap between their testimony. I believe a standard Rule 30 deposition is more than sufficient. If you would like to elaborate on your need for more than 7 hours, I am happy to discuss same with my clients.

We discussed the possibility of conducting the depositions of Ellen and David via ZOOM. I think this is cost effective for both sides. If the Community wants in-person depositions, then the depositions should occur in Idaho, where they reside.

I disagree with the position that consolidation of the two lawsuits should double the discovery limits established by the Rules. We are dealing with the same underlying facts and controversy. The Community's decision to file a separate contribution and indemnity action should not operate to expand the permissible number of interrogatories, requests for admission, document requests, or other discovery beyond the limits that would apply had those claims been asserted in the action brought by Oliver.

Happy to plan a call to discuss these issues in advance of your filing with the Court.

Regards,

BP

Robert Powers
Managing Partner
Melick & Porter, LLP
1 Liberty Square
Boston, Ma 02109
617-966-0162

---

**From:** Robbins, Jeffrey S. <jeffrey.robbins@saul.com>
**Sent:** Thursday, 27 August 2026 15:49:47
**To:** Kim@justicelc.com <kim@justicelc.com>; Kelly Guagenty <kelly@justicelc.com>; Robert Powers <rpowers@melicklaw.com>; Dante Driscoll <ddriscoll@melicklaw.com>; lsmith@mcolaw.com <lsmith@mcolaw.com>; Paula@justicelc.com <paula@justicelc.com>; Pamela Takefman <pamela@justicelc.com>
**Cc:** Lipchitz, Joseph D. <joseph.lipchitz@saul.com>; Mott, Bridgitte E. <bridgitte.mott@saul.com>; Weinstein, Jacob <jacob.weinstein@saul.com>
**Subject:** Oliver Ortolani v. Arts Empowering Life et al; Arts Empowering Life et al v. Ellen and David Ortolani

Dear counsel:

As I indicated to the Court I would be doing shortly after receipt of the parties' Initial Disclosures, I intend to ask the Court to issue an Order providing the following, subject to revision if circumstances warrant.

1.
Where the Rules provide presumptively for ten (10) depositions of up to seven (7) hours in length per side in a case, and where this matter involves two consolidated cases in which many dozens of potential witnesses have been identified by the three sets of parties, and reservations made for the addition of witnesses as discovery proceeds, we intend to ask the Court to grant each side up to one hundred forty (140)--or 70 times 2--hours of testimony (exclusive of breaks) to be used as each side wishes. This would mean that Oliver Ortolani would be able to use 140 hours of deposition as he sees fit, Ellen and David Ortolani would be able to use 140 hours of deposition as they see fit, and the Charitable Organizations collectively would be able to use 140 hours of deposition as they see fit. This

would mean, obviously, that the Ortolani family members, who are aligned, would have twice the amount of deposition time as the Charitable Organizations. The Charitable Organizations, nevertheless, are agreeable to this.

2.
The Charitable Organizations would agree to cap their time taking the depositions of Oliver, Ellen and David Ortolani to 21 hours for each of those parties, subject to revisiting this with the Court in the event circumstances dictate. While the Charitable Organizations would agree to limit their depositions of those parties to 21 hours each, they have no objection to the other parties taking depositions of whatever length they would like. Everyone would reserve their rights to seek protection with respect to subject areas or other issues, of course.

3.
Where Oliver Ortolani filed this case in Boston, where he lived here for virtually his entire life and the same is true of his parents, the depositions would take place in Boston, and be conducted in person.

4.
The remaining limitations on discovery contained in the Rules--numbers of interrogatories, requests for admission and document requests, would be doubled to take into account the fact that there are two cases, rather than one.

Please let me know if you agree with this, or if you have specific objections, so that we can schedule a meet and confer early next week and bring the matter, if necessary, before the Court in order to get its guidance.

Thank you.



**Jeffrey S. Robbins**
Partner
(617) 912-0941
jeffrey.robbins@saul.com

**Read my bio >>**

131 Dartmouth Street
Suite 501
Boston, MA 02116

CA • DE • FL • IL • MA • MD • MN • NJ • NY • PA • DC