**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **OLIVER ORTOLANI,**<br><br>Plaintiff,<br><br>v.<br><br>**COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., PERFORMING ARTS BUILDING FOUNDATION, INC.,**<br><br>Defendants. | Civil Case No.: 1:25-cv-12005-LTS<br><br>*– consolidated with –* |
| **THE COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., and PERFORMING ARTS BUILDING FOUNDATION, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**DAVID ORTOLANI and ELLEN ORTOLANI,**<br><br>Defendants. | Civil Case No.: 1:25-cv-13453-LTS |

**THE CHARITABLE ORGANIZATIONS' CONSOLIDATED REPLY IN SUPPORT OF THEIR REQUEST FOR AN ORDER PROVIDING FOR A DISCOVERY PLAN PURSUANT TO RULE 26**

The Charitable Organizations submit this consolidated reply in response to the oppositions of Oliver, Ellen, and David Ortolani, to the Organizations' request for a discovery plan—a plan that accounts for the reality that there are indeed 2 cases here, 6 different parties, voluminous document discovery, dozens of witnesses, and over 100 factual allegations in Oliver's lawsuit alone. The proposed discovery plan is necessary to ensure that the Charitable Organizations are fundamentally able to defend themselves against a sprawling Complaint that hurls extremely damaging accusations against them.

First, Ellen and David Ortolani suggest that they are peripheral actors in this case. Nothing could be further from the truth. As literally thousands of emails help show, the parents directly conceived, oversaw, monitored, and publicly praised the very homeschooling program that one of their sons now claims constituted "trafficking." The number of emails that show this, and about which these individuals need to be examined, is far, far too extensive to list in any filing. But by way of example, attached to the accompanying Declaration[1] as Exhibit 1 is an email from Ellen Ortolani describing herself as the administrator of the volunteer program at issue here, and Exhibits 2 and 3 are emails highlighting examples of Ellen's homeschooling planning and involvement. Exhibit 4 is a sampling of the innumerable emails in which David Ortolani, who literally lists his place of work as the site of the PAC (that is, he was present there during the construction) in 2019 and 2020, telling others how terrific a program it was for the students, including his son, how proud he was of it, and inviting others to watch YouTube videos of the students participating on the site.

But it is not merely that they were the central actors in the activity now termed as "trafficking." They also appear to be the initiators of **this lawsuit**, telling Oliver what to assert with respect to this matter. There is evidence that Oliver reached agreement with his prior counsel

[1] In support of this reply, the Charitable Organizations submit the supporting Declaration of Jeffrey S. Robbins dated November 12, 2026 ("Declaration"), appended to which are Exhibits 1-5.

to bring this lawsuit in 2024—when Oliver was a minor. There are emails between the parents and a filmmaker about efforts to sell a movie about Oliver's allegations, advising the filmmaker about how he could pitch it. There are documents showing Ellen strategically attempting to dictate how her own son described the homeschooling program that Ellen *herself* organized.

While there is a presumptive rule of 7 hours of deposition testimony per witness in a **single case**, Rule 30 also expressly provides that, even in a single case, "[t]he court **must** allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent . . . ." Fed. R. Civ. P. 30(d)(2) (emphasis added). Thus, the 7-hour rule is not rigid even in single, as opposed to consolidated, cases. The Advisory Committee Notes specifically provide, for example, that "[i]n multi-party cases, the need for each party to examine the witness may warrant additional time . . . ." Fed R. Civ. P. 30(d)(2) advisory committee's note to 2000 amendment.

Given the critical importance of Oliver and the parents as witnesses, the fact there are 6 different parties across both cases, the volume of documents in the cases, as well as the factual and legal claims at issue and the nature of the damages alleged by Oliver, the additional time requested is necessary to fairly examine these witnesses. Without it, "defense counsel will be hampered in their ability to plan their questioning of [Oliver and the Ortolani Parents] if they do not know in advance how much time they will have to pose questions." In re Telexfree Sec. Litig., No. 4:14-MD-2566-NMG, 2024 WL 2306195, at *3 (D. Mass. May 21, 2024) (additional time granted to depose witness *in advance* of deposition commencing, allowing 14 hours of testimony over 2 days).

Contrary to Oliver's and his parents' suggestion, it is not only proper for the Charitable Organizations to raise this issue now (i.e., before depositions commence), but it is **prudent** to do

so, and will ensure a more orderly process for depositions in this case. See id., at *3.[2] Otherwise, the course proposed by the Oliver and his parents would inevitably result in the Charitable Organizations (and the other parties, for that matter) constantly coming back, over and over, to the Court to explain why they need more time with a particular witness, imposing an unnecessary expenditure of time and resources on both the parties and the Court. Scheduling round after round of conferences with the Court and detailing what the depositions have thus far shown, what question areas need to be covered still, and why more time is necessary is a drain on everyone, and a wholly unnecessary one, and interferes greatly with the Charitable Organizations' ability to proceed in an orderly way to prepare for the disposition of this case.[3]

As for Oliver's and his parents' plea that their depositions be taken remotely, there is a "general rule that a [party] should submit to a deposition **in the forum district in person**." Howitt v. Morse, No. CV 25-10099-LTS, 2026 WL 1622951, at *1 (D. Mass. May 15, 2026) (denying motion for reconsideration that challenged order for in-person deposition) (emphasis added). See also Fed. R. Civ. P. 30(b)(4) (permitting remote depositions only by consent or court order).

Indeed, as *this* Court has observed, "remote depositions are generally **inferior** to live, in person depositions. Among other things, counsel's ability to observe [a party's] demeanor and

[2] The In re Telexfree Sec. Litig. court even observed that "at least one court has taken the position that the deposing party should raise the issue of needing additional time in advance of a deposition on complex topics involving numerous documents" or could be at the risk of waiving such an argument. Id., at *2 (citing Del Sol v. Whiting, No. CV-10-01061-PHX-SR, 2015 WL 12090268, at *4 (D. Ariz. Mar. 10, 2015)).

[3] The Court may wonder why the Charitable Organizations have asked that the deposition time be counted in hours rather than days. Here is the reason: among the numerous individuals listed by Oliver and his parents as ones with knowledge of the facts on the Initial Disclosures (apart from individuals who **do** know the facts and will be testifying **against** Oliver and his parents) are individuals who have no more personal knowledge of what the construction of the PAC involved than they do of the Battle of Guadalcanal. The Organizations will not need more than 60-90 minutes, if that, to establish that these individuals are in no position to support Oliver's claims. The Charitable Organizations should not have a full day of deposition counted against them in this process when those individuals' depositions may take no more than 60 minutes.

assess his credibility in real time is **essential** to conducting an **effective deposition**." Howitt v. Morse, No. CV 25-10099-LTS, 2026 WL 936071, at *2 (D. Mass. Apr. 7, 2026) (denying plaintiff's motion to attend deposition by Zoom) (emphasis added), reconsideration denied, No. CV 25-10099-LTS, 2026 WL 1622951 (D. Mass. May 15, 2026). Courts across the country have observed this same principle. See, e.g., Kiss v. Kenny, No. 22 CIV. 10663 (CS)(JCM), 2025 WL 1532744, at *2 (S.D.N.Y. May 29, 2025) (denying plaintiff's request to sit for deposition remotely; "As a key witness, Plaintiff's credibility is a 'matter of critical importance' that necessitates an in-person deposition."); Boxabl, Inc. v. Brave Control Sols., Inc., No. 2:25-CV-00580-JAD-BNW, 2026 WL 1786357, at *3 (D. Nev. June 22, 2026) (granting plaintiff's request to compel an in-person deposition where defendant was a central witness and defendant's credibility was at issue; "[A]n in-person deposition provides a superior setting for assessing a witness's demeanor and credibility."); Rubio v. City of Visalia, No. 1:21-cv-00286-DAD-SAB, 2022 WL 193072, at *2 (E.D. Cal. Jan. 21, 2022) (granting defendants' request to depose non-parties in person; "In-person depositions are crucial to assessing a witness's potential presentation at trial, veracity, and credibility."). Here, there is no question that Oliver, Ellen, and David are central actors whose knowledge and credibility are matters of critical importance and necessitate in-person depositions.

As for the location of the deposition, Boston is proper. All counsel of record for the parties are located in Massachusetts, and Plaintiff elected to file suit in Massachusetts. "Ordinarily, plaintiff will be required to make himself or herself available for examination in the district in which suit was brought. Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition." 8A FED. PRAC. & PROC. CIV. (WRIGHT & MILLER) § 2112 (3d ed.). "Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and exercise the first choice as to the forum. . . ." Fed. Nat'l Mortg. Ass'n

v. Springfield Gardens, L.P., No. 3:25-CV-30102-MGM, 2026 WL 2185160, at *2 (D. Mass. July 29, 2026) (denying motion for protective order and ordering defendants to sit for depositions in Massachusetts) (citation and internal quotation marks omitted).

Here, Oliver and his parents have not established good cause for departing from the general rule that his deposition should occur in Massachusetts. Oliver first complains that costs are an issue. But costs would be incurred by him and his legal team regardless of where the deposition is—if the deposition is in Idaho, his Massachusetts-based counsel will have to pay for travel to Idaho, and vice versa. As for Oliver's claim that traveling to Boston, where he *chose* to file the lawsuit, would "trigger" his memories, this is not credible. He (and his parents) have publicized his allegations. He (and his parents) have been actively trying to help sell a movie about his allegations, hardly the conduct of someone who will be "triggered" by publicizing this matter. Exhibit 5 is a text exchange between Oliver and a filmmaker about how, in addition to participating in a documentary, Oliver wants to try the case in a public court rather than settle the matter:

> I think id [sic] prefer a trial it will hurt them a lot more and benifit [sic] me a lot more as well . . . .

Ex. 5 to Robbins Dec.

The two cases—now consolidated for purposes of discovery—originated as separate lawsuits. If the cases had not been consolidated, the Charitable Organizations would have been entitled, at a bare minimum, to 2 full days of deposition with Oliver, Ellen, and David—one 7 hour day with *each party* in *each* case. Thus, all that the Charitable Organizations are asking for is one additional day (in addition to the 2 days they would have otherwise been entitled to) with each of these parties, in person, which is reasonable and necessary.

Respectfully submitted,

**THE COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., and PERFORMING ARTS BUILDING FOUNDATION, INC.**

By their attorneys,

*/s/ Jeffrey S. Robbins*

Jeffrey S. Robbins (Bar No. 421910)
Joseph D. Lipchitz (Bar No. 632637)
Bridgitte E. Mott (Bar No. 684770)
SAUL EWING LLP
131 Dartmouth Street, Suite 501
Boston, MA 02116
Telephone: (617) 723-3300
Facsimile: (857) 400-3375
Email: Jeffrey.Robbins@saul.com
Email: Joseph.Lipchitz@saul.com
Email: Bridgitte.Mott@saul.com

Dated: November 12, 2026

## CERTIFICATE OF SERVICE

I, Jeffrey S. Robbins, hereby certify that this document that was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 12, 2026.

*/s/ Jeffrey S. Robbins*

Jeffrey S. Robbins