UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **OLIVER ORTOLANI,**<br><br>Plaintiff,<br><br>v.<br><br>**COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., PERFORMING ARTS BUILDING FOUNDATION, INC.,**<br><br>Defendants. | Civil Case No.: 1:25-cv-12005-LTS<br><br>*-consolidated with -* |
| **COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., PERFORMING ARTS BUILDING FOUNDATION, INC.,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**DAVID ORTOLANI and ELLEN ORTOLANI**<br><br>Defendants. | Civil Case No.: 1:25-cv-13453-LTS |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OMNIBUS MOTION TO PARTIALLY QUASH SUBPOENAS DUCES TECUM ISSUED BY THE DEFENDANTS AND PROTECTIVE ORDER**

Despite all of the unrelated facts in their opposition, Defendants fails to set forth reasons for their overbroad and irrelevant subpoena requests.

First, for the medical records, as Plaintiff states in his motion, there is no dispute that many are relevant. Defendants parade of Plaintiff's medical records, obtained during settlement negotiations[1] as they only admit in a footnote (Opposition at 4 n.2), does not provide grounds to support their overbroad, irrelevant subpoena requests. Indeed, Defendants' claims that such medical records "undercu[t], if not eviscerate[e]" (Opposition at 13) is contradicted by a principle taught to first year law students: the eggshell plaintiff rule. *See Figueroa-Torres v. Toledo-Davila*, 232 F.3d 270, 275 (1st Cir. 2000) (adopting rule in First Circuit); (*Perna v. Martinez*, Civil Action No. 17-cv-11643-IT, 2021 U.S. Dist. LEXIS 63958, at *28 (D. Mass. Mar. 31, 2021) (under "long-standing 'eggshell plaintiff rule'" defendant "is liable for the full extent to which he worsened Plaintiff's mental health") (citations omitted). This rule will apply particularly here where Defendants had full knowledge of Plaintiff's physical and mental health given the requirement to divulge all personal information to Community leadership, and despite that knowledge, Defendants forced a 12-year-old with connective tissue disease onto a building site to labor for long hours daily, lifting heavy objects, knowing he was susceptible to injury.

The issue here is that Defendants are seeking the medical records (1) without protection from a protective order (which is set for hearing the next business day after today, on November 16, 2026) and (2) without limitation of any scope or time. Defendants just last week claimed that the Court's standing protective order, applicable to "complex cases," applies to Plaintiff's records. Opposition at 2. But this case has not been designated as "complex" pursuant to Local Rule 16.1(e).

[1] While Plaintiff could move to strike the records given they are subject to Rule 408 protection and not proper for use in Defendants' Opposition, Plaintiff is not going to waste the Court's time and resources seeking to strike them, especially where they do not support Defendants' entitlement to overbroad and irrelevant information.

If the Court intends to designate this case is "complex," then its standing order will apply and we will produce documents under such order. But until then, Plaintiff is not able to exchange medical records without any form of protection.

Plaintiff also agrees that medical records related to Plaintiff's mental health are relevant.[2] However, seeking records from Plaintiff's *entire life* on *all issues* is hardly appropriate particularly where, as here, Defendants appear willing to use them whether relevant or not. Defendants fail to establish they are entitled to each and every medical and mental health record of the Plaintiff from the past 19 years of his entire life.

Defendants' opposition with regards to the educational records is again unpersuasive and non-responsive to the issue at hand. Whether the homeschool plans (Declaration of Jeffrey Robbins, Ex. 2, filed under seal at Dkt. No. 80-3)—which a reasonable jury could find looks precisely as Plaintiff alleges: a ruse for manual labor—were approved by Nauset School District ("Nauset") can be stipulated to by the Parties. Any communications between Nauset and Ellen Ortolani are either already in Defendants' possession (from mailboxes they control) or will produceable by her as a party. Defendants' communications on these issues, as they relate to what *actually happened*, is what is relevant. For example, there is no evidence that Nauset would have approved the children working sixteen hours a day, every day, on a commercial job site without proper training on machinery or safety gear as "construction studies." Complaint at ¶ 4. Moreover, there is no evidence that the Defendants provided the education that they represented they would to Nauset. Indeed, Plaintiff will be able to testify to the paltry few hours a week of classroom time that took place in a greenhouse near the construction site. The reality of what the children,

[2] Hardly the "smoking gun" Defendants argue it is, Plaintiff will be able to testify why, for a trip to get a travel vaccine, he did not discuss the mental trauma he incurred after nearly two decades as a member of a high control group with the nurse.

including Plaintiff, were subjected to was not known to Nauset, not provided to Nauset when seeking homeschool approval, and the Massachusetts child labor laws cannot seriously allow for a loophole for sham homeschool programs.[3]

Defendants rehash their position about the Ortolani parents' responsibility in organizing on behalf of the Defendants. Put simply: it does not matter for Plaintiff's claims if it was the Ortolani parents who acted for Defendants. This position just proves Defendants are vicariously liable for the actions of their agents, including the Ortolani parents if Defendants' allegations bear out to be true. Indeed, Defendants have previously taken the position that ***all*** members of the Community are their agents. The Ortolani parents will have the opportunity, as longstanding members of a high control group, to testify about Defendants' coercion at trial. At best for the Defendants, they are vicariously liable for any misconduct they attempt to deem the Ortolani parents responsible.

In addition, the subpoena to Mr. Wierzbinski, Defendants misstate Plaintiff's position, which is not that "Mr. Werzbinski [sic] has no documents responsive to the subpoena" (Opposition at 6), but that the subpoena seeks irrelevant documents, evidencing its improper purpose. Furthermore, relevant communications between Mr. Wierzbinski and the parties are already produceable by the parties and are therefore duplicative and cumulative. *Mass. Nurses Ass'n v. Radius Specialty Hosp., LLC*, No. 14-13686-FDS, 2016 U.S. Dist. LEXIS 144199 (D. Mass. Oct. 18, 2016) ("non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative") (citing *Tresona Multimedia, LLC v. Legg*, 2015 U.S. Dist. LEXIS 107723, 2015 WL 4911093, at *3 (N.D. Ill. Aug. 17, 2015)). While Defendants have argued that communications with "material witnesses" from 2025 are also

[3] Notably, the Federal forced labor and trafficking laws, which comprises six of the nine counts in Plaintiff's Complaint, do not contain any such exception, so any educational records are not, as Defendants claim, "capable on their very own of eliminating [Plaintiff's] case." Opposition at 1. Moreover, no school district or parent can waive and violate state and federal laws.

relevant, they have not so limited their subpoena, which seeks all documents with anyone about the Defendants and the lawsuit. Dkt. No. 68-9 at 7.

Finally, the case Defendants cite, *Katz v. Liberty Power Corp., LLC.*, also cited by Plaintiff, demonstrates that Plaintiff has standing to quash the subpoenas. Civil Action No. 18-cv-10506-ADB, 2020 U.S. Dist. LEXIS 112969, at *26 (D. Mass. June 26, 2020). The other case cited by Defendants regarding standing, *In re Stone & Webster, Inc. Sec. Litig*., supports Plaintiff's motion to quash where, as here, the information sought is "duplicative" of materials already in counsel's possession. No. 00-10874-RWZ, 2006 U.S. Dist. LEXIS 71288, at *11 (D. Mass. Sep. 29, 2006). Defendants make much of the subpoena recipients not themselves objecting. This is irrelevant and not accurate given there has not been a response to the subpoenas by the third parties or entities served with the subpoenas (and for the one third-party who responded, Mr. DeLude, he did in fact object to the relevance and breadth of the subpoena).

Moreover, for the healthcare providers and the school district, their obligations with regards to their data are completely separate to Plaintiff's standing to contest their subpoenas given they seek his private, personal information that is protected by both HIPAA and FERPA and Defendants have likely been advised as much, hence why they sought authorizations from Plaintiff. Plaintiff agreed to provide authorizations to Defendants to seek the medical records, so long as they were limited in time and scope to the relevant claims and defenses in this case. Defendants refused such offer. As for Mr. Wierzbinski, Plaintiff does not know whether he is represented, and given the unfortunate circumstances of his wife's passing, he may not be aware of or care to spend resources objecting at this time. This has no bearing on whether Plaintiff can move to quash, or whether the Court can enter into a protective order limiting such information, given the documents and records

sought relate to his private, protected information. *Hoffman v. Thras.io, Inc*., Civil Action No. 20-12224-PBS, 2021 U.S. Dist. LEXIS 255341, at *7 (D. Mass. Oct. 7, 2021).

For the reasons set forth here and in Plaintiff's Omnibus Motion to Partially Quash Subpoenas Duces Tecum Issued by the Defendants, Plaintiff respectfully requests that the Court grants the relief requested along with any such further relief as the Court deems just and proper.

Dated: November 13, 2026

Respectfully submitted,

*/s/ Kimberly Dougherty*

Kimberly Dougherty (BBO# 658014)
Kelly Guagenty (BBO# 658872)
Paula Bliss (BBO# 652361)
Pamela Takefman (admitted *pro hac vice*)
**JUSTICE LAW COLLABORATIVE, LLC**
210 Washington Street
North Easton, MA 02356
Tel: (508) 230-2700
Fax: (385) 278-0287
kelly@justicelc.com
paula@justicelc.com
kim@justicelc.com
pamela@justicelc.com

*and*

Lillian Smith (admitted *pro hac vice*)
**MCALLISTER OLIVARIUS**
641 Lexington Avenue, 13th Floor
New York, New York 10022
Tel: (212) 433-3456
lsmith@mcolaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Kimberly Dougherty, hereby certify that this document that was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: November 13, 2026

Respectfully submitted,

*/s/ Kimberly Dougherty*

Kimberly Dougherty (BBO# 658014)
**JUSTICE LAW COLLABORATIVE, LLC**
210 Washington Street
North Easton, MA 02356
Tel: (508) 230-2700
Fax: (385) 278-0287
kim@justicelc.com